[S. F. No. 2015.   Department Two.—May 28, 1902.]

THE CANADIAN AND AMERICAN MORTGAGE AND TRUST COMPANY, Appellant, v. JUDAH BOAS, Respondent.

MORTGAGES—FORECLOSURE—TITLE IN PRIOR MORTGAGEE—SALE FOR TAXES ON SECOND MORTGAGE—REDEMPTION—ACTION FOR REIMBURSEMENT.— A prior mortgagee, who acquired title under foreclosure of his mortgage in which a second mortgagee was a party, and thereafter re-

deemed from a sale for taxes upon the second mortgage, has no
privity of contract with the second mortgagee, and no statutory
right, which can sustain an action for reimbursement for the payment
of such taxes against the second mortgagee.

ID.—LOSS OF TITLE BY SECOND MORTGAGEE—MONEY NOT PAID FOR HIS
USE—CLOUD UPON TITLE.—The money paid by the first mortgagee in
redeeming from the tax sale under the second mortgage was not paid
for the benefit of the second mortgagee, whose entire interest in the
property had been first taken by the state for taxes, and afterwards
entirely swept away by the judgment, sale, and deed under foreclos-
ure. The first mortgagee was in no different position from that of
any other purchaser of land who finds his title clouded.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. C. B. Hebbard,
Judge.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

Lucius L. Solomons, for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from a
judgment in favor of defendant. The appeal is upon the
judgment-roll alone.

The facts found by the court are these: Appellant was a
first mortgagee of the described premises, and respondent
was the assignee of a junior mortgage. Appellant brought
an action to foreclose his mortgage, making respondent a
party defendant, and obtained a judgment foreclosing all
respondent's interest in the premises, and decreeing a sale
thereof. Appellant bought the property at the sale, having
bid the full amount of his judgment, and after the expiration
of the period of redemption obtained a deed of conveyance.
In the mean time, however, respondent not having paid the
taxes assessed on his said second mortgage, his interest in the
latter was sold for the taxes and bought in by the state. The
appellant, after his deed made pursuant to the foreclosure,
paid to the state the amount for which respondent's mortgage
interest had been sold for taxes, together with costs, percent-
ages, etc., under section 3817 of the Political Code, and then
brought this action to recover said amount from respondent.

We see no ground upon which the action could be main-

tained.   There was no contractual relation whatever between
appellant and respondent with respect to the money sued for.
It is not within any of the provisions of our constitution or
statutory law touching the right of a mortgagee, *when fore-
closing his mortgage,* to add to the amount of his foreclosure
judgment any moneys which he had paid for taxes on the
property which his mortgagor ought to have paid, and which
the law expressly allows him to include in his judgment.
The judgment and lien created by the tax on respondent's
second mortgage interest had been satisfied and removed by
the sale to the state.   (Pol. Code, sec. 3716.)   The money
paid by the appellant to the state was not for the benefit of
respondent, whose entire interest in the property had been
first taken by the state for taxes, and afterwards had again
been entirely swept away by the judgment of foreclosure.
The appellant is in no different position from that of any
other purchaser of land who finds his title clouded.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.